

U.S. Department of Justice

United States Attorney
District of New Jersey

---

Christopher J. Kelly
Assistant United States Attorney

Broad Street, Suite 700
Newark, New Jersey 07102

(973) 645-2700
(direct dial) (973) 645-6112

---

**RECEIVED**
September 14, 2009

Via First Class Mail OCT 20 2010
Robert Morgan, Esq.
615 Griswold Street AT 8:30_____M
Detroit, MI 48226-3910  WILLIAM T. WALSH
                       CLERK

Re: Plea Agreement with James Bragg  10/702(JAP)01

Dear Mr. Morgan:

This letter sets forth the plea agreement between your client, James Bragg, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from defendant James Bragg ("defendant") to a one-count Information which charges him with knowingly and wilfully conspiring to commit offenses against the United States, including (1) securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, and (2) fraud in connection with electronic mail, in violation of Title 18, United States Code, Section 1037, contrary to Title 18, United States Code, Section 371. If defendant enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against defendant relating to defendant's participation with an individual with the initials C.R. in a conspiracy to commit securities fraud and fraud in connection with electronic mail from in or about 2007 through in or about 2009. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by defendant may be commenced against him, notwithstanding the expiration of the limitations period after he signs the agreement.

Sentencing
---

The violation of 18 U.S.C. § 371 to which defendant agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon defendant is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence defendant ultimately will receive.

Further, in addition to imposing any other penalty on defendant, the sentencing judge (1) will order defendant to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order defendant to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order defendant, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583, may require defendant to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should defendant be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, defendant may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, defendant agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on defendant by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of defendant's activities and relevant conduct with respect to this case.

## Stipulations

This Office and defendant agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or defendant from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and defendant waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an

appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against defendant. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the Securities and Exchange Commission), or any third party from initiating or prosecuting any civil proceeding against defendant.

No Other Promises

This agreement constitutes the plea agreement between defendant and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: Christopher J. Kelly
    Erez Liebermann
Assistant U.S. Attorneys

APPROVED:

Kevin M. O'Dowd
Chief, Securities & Health Care Fraud Unit

I have received this letter from my attorney, Robert Morgan, Esq., and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____     Date: 10-28-09
James Bragg

_____     Date: Oct 24, 2005
Robert Morgan, Esq.

- 5 -

## Plea Agreement With James Bragg

### Schedule A

1. This Office and defendant recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and defendant nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence defendant within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and defendant further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline for the charged conspiracy is U.S.S.G. § 2X1.1(a), which in turn instructs application of U.S.S.G. § 2B1.1. Sentencing Guideline § 2B1.1(a)(2) carries a Base Offense Level of 6.

3. The parties agree that the loss that resulted from the offense reasonably cannot be determined and, therefore, that the gain to defendant resulting from the offense should be used as an alternative measure of loss. Because the gain to the defendant resulting from the offense was more than $10,000 but less than $30,000, the Specific Offense Characteristic results in an increase of 4 levels. See U.S.S.G. § 2B1.1(b)(1)(C).

4. The offense was committed through mass-marketing pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i). This results in an increase of 2 levels.

5. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(7) applies, resulting in an increase of 2 levels.

6. Because a substantial part of the fraudulent scheme was committed from outside the United States, U.S.S.G. § 2B1.1(b)(9) applies, resulting in an increase of 2 levels.

7. As of the date of this letter, defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if defendant's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If defendant enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition defendant's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, defendant will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

9. In accordance with the above, the parties agree that the total Guidelines offense level applicable to defendant is 13 (the "agreed total Guidelines offense level").

10. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 13 is reasonable.

11. Defendant knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding

paragraph.

- 8 -